ATOKA COAL & MINING CO. v. MILLER.

(Circuit Court of Appeals, Eighth Circuit. April 30, 1909.)

No. 2,739.

MASTER AND SERVANT (§ 286*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—MACHINERY AND APPLIANCES—EXTENT OF MASTER'S DUTY.

In defendant's coal mine there was a double car track extending down an incline to the shaft. Empty cars were drawn up while loaded cars were let down by means of a cable. At the top of the incline the cable passed around a horizontal wheel, was crossed in front of it, and each end passed over a sheave wheel at the side for the purpose of holding them apart and in their crossed position. Plaintiff, who was an employé in the mine, was between the two parts when the sheave wheels gave way, and was injured by the two parts of the cable springing together. *Held* that, in an action to recover for the injury, it was prejudicial error to submit to the jury the question of defendant's negligence in failing to plant posts between the two branches of the cable, which might have held them apart when the wheels gave way; it appearing that the appliances as used had been in operation for many years without disclosing any necessity for such posts, and there being no evidence that they were customary or had ever been used elsewhere, and the rule being that a master is not required to adopt every conceivable precaution against accident, but only to exercise reasonable care.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 7 Ind. T. 104, 104 S. W. 555.

Ira D. Oglesby, for plaintiff in error.

William A. Vinson (J. H. Gordon, Randell & Randell, and Wilkins & Vinson, on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This was an action by Dave Miller against the Atoka Coal & Mining Company for personal injuries received while working in its mine, and claimed by him to have been caused by defective machinery. Upon a trial to a jury in the United States Court for the Central District of the Indian Territory, Miller recovered a verdict for $8,000. The trial court regarded it as excessive, and required a remittitur of $3,500 as a condition to overruling defendant's motion for a new trial; and judgment was thereupon entered for $4,500. The judgment was affirmed by the United States Court of Appeals in the Indian Territory. The defendant prosecuted this writ of error.

In the underground workings of the mine there was an incline leading from a cross-entry down to the bottom of the shaft. The coal as it was mined was hauled in small cars along the entry to the top of the incline. The cars were then switched to one or the other of two tracks running down the incline to the shaft. The double track on the incline was operated in this manner: At the top was a large wheel placed in a horizontal position and controlled by a brake. In front of it, on either side, were two small sheave wheels, also disposed horizontally. A long wire rope or cable passed around the large wheel, and then crossed in front of it and around the outside of the small wheels; the purpose being to give the rope as much friction surface as possible on the large wheel to prevent it from slipping. One end of the rope was attached to loaded cars at the top of the incline and the other to empty cars at the bottom. When the large wheel revolved the loaded cars were let down the incline on one track and the empty cars were pulled up on the other. There were switches near the top of the incline so arranged that cars could be shunted from one track to the other and taken off into either end of the intersecting entry as desired. By the crossing of the rope in front of the large wheel and its passage over the outer edges of the sheave wheels there was, while the appliances were in operation, a strain upon the sheave wheels caused by the loaded and empty cars at the ends of the rope. Were it not for the sheave wheels, which kept the two arms of the rope apart, they would have come together, recrossed, and assumed their original tangential position to the large wheel.

On the occasion in question the plaintiff went between the ropes, it is claimed unnecessarily, to throw a switch while some loaded cars were being let down and some empties were being pulled up. The sheave wheels gave way, and he was caught and injured by the straightening of the arms of the rope  Though there was sufficient

evidence to require the submission of the case to the jury, it should be observed that the verdict might well have been the other way. There was a sharp conflict as to the cause of the accident, whether an accidental derailment of the cars at a point down the incline, resulting in a sudden and excessive strain on the sheave wheels, or, as was charged in the complaint, some defect in the appliances about the wheels themselves. There was also a like conflict in the evidence as to whether those appliances were in fact defective, and, if defective, whether that condition was discoverable by the exercise of reasonable care in inspection, and also as to whether the plaintiff was guilty of contributory negligence in going between the ropes while the machinery was in operation, contrary to the rules.

Some evidence was received on behalf of plaintiff, over defendant's objection, that if the defendant had planted posts in the bight of the ropes near the sheave wheels they might have caught the ropes and prevented them from straightening out and causing the injury. The court submitted that evidence to the jury, and instructed them that, if the placing of the posts was feasible and ought to have been done, it was the duty of defendant, in the exercise of ordinary care, to place them there, and a failure to do so would be an act of negligence. This was error. Although the complaint contained a general averment of negligence, which we think was sufficient for the introduction of evidence, the evidence received was wholly insufficient to authorize a finding that the defendant was negligent in that particular. The appliances as defendant had them had been in operation many years without disclosure of the necessity for such posts, and it was not shown that the use of them was customary, or in fact that they had ever been used elsewhere. There was nothing more than mere suggestion that if posts had been placed near the sheave wheels they might have caught the ropes and prevented them from flying together; but there was nothing from which the duty of the defendant to maintain them could reasonably have been inferred. After an accident it is easy to suggest methods by which it might have been avoided, though a careful and prudent person engaged in such business would not have anticipated they were reasonably necessary. It was not the duty of the defendant to adopt every conceivable precaution against accident, but simply to exercise reasonable care in supplying and maintaining reasonably safe appliances.

The evidence upon the substantial issues in the case was so conflicting that the prominence given to the matter of posts was well calculated to prejudice the defendant. Upon this subject the Court of Appeals in the Indian Territory said:

"We believe that inasmuch as the complaint was not drawn upon the theory above stated, and in view of the character of the evidence in connection therewith, that the court erred in the admission of such evidence and in instructing the jury upon such theory. And we further believe that the court should have given the appellant's (defendant's) instruction No. 11 eliminating this theory from the case, although, had the complaint been drawn upon this theory and the evidence supported it, we could find no fault with the action of the court in this respect. It is true that the admission of the evidence and the instruction to the jury upon this question may have influenced the jury in determining the amount of damage in this case; but in view of the other evi-

dence in the case we believe that had this evidence been excluded, and had they not been instructed on this point, their verdict would have been for the appellee just the same. And in view of the remittitur of $3,500 required by the court before overruling the motion for a new trial, equalizing the damage with the injury sustained, we believe that the admission of this evidence and the giving of these instructions have not been prejudicial to the appellant in this case. And we refuse to reverse the case on these grounds."

But the admission of the evidence and the giving of the instruction did not, as the court supposed, bear upon the amount of damage. The amount of damage was determined by the nature and extent of the injuries which the plaintiff sustained. The error of the trial court bore upon the plaintiff's right to recover at all, not how much he should recover, and no court can measure its influence upon the minds of the jurors or weigh it in dollars. It may have been the determining factor in their finding that defendant was negligent. But, even if the evidence and instruction had related to the amount of recovery, the case was not of a character to permit of the extraction of the error by the reduction of the verdict.

There are various other matters presented, which, however, are not likely to arise again, and we need not discuss them.

The judgment is reversed, and the cause is remanded for a new trial.